# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NATALIE ZHUIKO

**DEFENDANTS**
VENGROFF WILLIAMS, INC.

**(b)** County of Residence of First Listed Plaintiff __BUCKS__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq., and Theodore E. Lorenz, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: FDCPA 15 USC § 1692

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 9/29/14
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT     APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 350 Laurel Oaks Drive, Langhorne, PA 19047-8528

Address of Defendant: P.O. Box 4155, Sarasota, FL 34230-4155

Place of Accident, Incident or Transaction: 350 Laurel Oaks Drive, Langhorne, PA 19047-8528
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes ☐ No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) FDCPA, 15 USC § 1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: _____     _____     _____
                               Attorney-at-Law                  Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/29/14     _____     35047
                             Attorney-at-Law                Attorney I.D.

CIV.609 (4/03)

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| NATALIE ZHUIKO | : | CIVIL ACTION |
| V. | : | |
| VENGROFF WILLIAMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( X )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| | | |
|---|---|---|
| 9/29/14 | _[signature]_ | CARY L. FLITTER |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| (610) 822-0782 | (610) 667-0552 | cflitter@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATALIE ZHUIKO<br>350 Laurel Oaks Drive<br>Langhorne, PA 19047-8528,<br>               Plaintiff,<br><br>               vs.<br><br>VENGROFF WILLIAMS, INC.<br>P.O. Box 4155<br>Sarasota, FL 34230-4155<br>               Defendant | CIVIL ACTION<br><br>NO. |

## COMPLAINT

### I.   INTRODUCTION

1. This is a suit under the remedial provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2. Defendant collection agency sent a series of increasingly demanding collection correspondence which created an impermissible and false sense of urgency, in violation of the Act. Defendant also failed to comply with the requirements for an initial communication with the consumer.

### II.   JURISDICTION

3. Jurisdiction is premised upon the presence of a federal question, 28 U.S.C. §§1331. The FDCPA specifically confers subject matter jurisdiction in this Court, 15 U.S.C. §1692k(d).

4. Venue is proper as defendant regularly does business in this district and has caused harm in this district.

1

### III. PARTIES

5. Plaintiff is Natalie Zhuiko ("Plaintiff" or "Zhuiko") a consumer who resides in Langhorne, Pennsylvania at the address captioned.

6. Defendant Vengroff Williams, Inc. ("Defendant" or "VWI") is a foreign corporation with an office for the regular transaction of business in Sarasota, FL.

7. Defendant regularly collects or attempts to collect consumer debts alleged to be due another.

8. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

### IV. STATEMENT OF CLAIM

9. On or about October 1, 2013, Defendant VWI mailed an initial collection letter to Plaintiff in an attempt to collect a consumer debt alleged due. A copy of the October 1, 2013 letter is attached hereto as Exhibit A (redacted in part per Fed. R. Civ. P. 5.2).

10. The debt claimed due arose from the rendition of medical services to Plaintiff.

11. The notice of validation rights contained in the initial October 1, 2013 collection notice stated that the sum demanded "may including collection fees and interest charges". The dun did not state how much, if any, was collection fees and interest, nor whether collection fees and interest was provided by a contract or permitted by law. *Cf.*, 15 U.S.C. § 1692f(1), 1692e.

12. Thereafter on November 8, 2013, Defendant sent a further letter which indicated that the "amount is due immediately." A copy of the November 8, 2013 letter is attached hereto as Exhibit B (redacted in part per Fed. R. Civ. P. 5.2).

13. Thereafter, on December 11, 2013, Defendant sent a further collection notice which stated "If we do not hear from you or receive payment in full within ten (10) days, you

will leave us with no alternative but to take any and all additional collection efforts our client feels necessary to protect their interests." A copy of the December 11, 2013 letter is attached hereto as Exhibit C (redacted in part per Fed. R. Civ. P. 5.2).

14. On January 1, 2014, Defendant sent a further collection notice to Plaintiff. The January 1st letter provided "Unless we receive a payment within forty eight (48) hours of receipt of this letter, we will be forced to proceed with any additional collection efforts our client deems necessary." A copy of the January 1, 2014 letter is attached hereto as Exhibit D (redacted in part per Fed. R. Civ. P. 5.2).

15. Thereafter, on January 23, 2014, Defendant wrote a further collection letter which stated "We must advise that if we do not hear from you or receive payment in full within seven (7) days, there will be no alternative but to take any and all appropriate actions to protect our client's interest." The letter did not define "any and all appropriate actions" but that term may be fairly read to encompass legal action. A copy of the January 23, 2014 letter is attached hereto as Exhibit E (redacted in part per Fed. R. Civ. P. 5.2).

16. On February 26, 2014, Defendant sent a further collection letter to Zhuiko. The February 16th letter stated in pertinent part "We must advise that if we do not hear from you or receive payment in full within seven (7) days, there will be no alternative but to continue collection efforts and <u>any other remedies</u> our client allows to protect their interests." (emphasis added). The term "remedies" is not defined in the letter but may reasonably be read to imply legal remedies or judgment remedies. A copy of the February 26, 2014 letter is attached hereto as Exhibit F (redacted in part per Fed. R. Civ. P. 5.2).

## COUNT I
## (FAIR DEBT COLLECTION PRACTICES ACT)

17.     ☐laintiff repeats the allegations contained above as if the same were here set forth at length.

18.     The FDCPA, 15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive or misleading representation or mean in connection with the collection of any debt.

19.     The FDCAP at 15 U.S.C. § 1692e(5) prohibits "the threat to take any action that cannot be legally taken or that is not intended to be taken."

20.     The statement in the succeeding collection letters of brief, specific time periods for payment, coupled with the threat to "take any and all appropriate actions ..." culminating in the February 26, 2014 letter that "there will be no alternative but to continue collection efforts and any other remedies our client allows to protect their interest" collectively creates a mis-impression of the prospect of legal action and a false sense of urgency prohibited by the Act.

21.     The initial letter fails to properly identify the amount of the debt, 15 U.S.C. § 1692g.

## COUNT II - CLAIM FOR RELIEF

22.     Defendant debt collector has violated the FDCPA, 15 U.S.C. § 1692e et seq. in the manner set forth above

**WHEREFORE**, Plaintiff Natalie Zhuiko demands judgment against Defendant Vengroff Williams, Inc.t for:

    (a)     Damages as provided by the Act, 15 U.S.C. § 1692k;

    (b)     Statutory attorney's fees and costs; and

    (c)     Such other and further relief as the Court shall deem just and proper.

## VII. JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted:

DATE: 9/29/14

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

**FLITTER LORENZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

# EXHIBIT "A"



**VENGROFF WILLIAMS, INC.**
P O BOX 4155         6/766
SARASOTA FL 34230 4155

Phone: (800) 556-0992 EXT: 15327
Fax: (941) 363-3867
Se habla español

ZHUIKO, NATALIE
350 LAUREL OAKS DR
LANGHORNE PA 19047-8528

[DP]

| OUR CLIENT | |
|---|---|
| KEYSTONE HEALTH PLAN EAST | |
| ACCOUNT # | Reference # |
| 551 | 345 |
| DATE | AMOUNT DUE |
| 10/01/13 | $316.35 |

1012 RMG

You can now pay by phone or using our secure site over the Internet.

Pay by phone at 877-682-6141
or on the Web at www.payvw.com

Enter 453 as your User ID and 429 as your Password.

## VALIDATION NOTICE

To Whom it may concern,

We have been engaged by the above creditor who has turned over your account for collection in the amount listed above which may include collection fees and interest charges.

### NOTICE

Unless, within thirty days after your receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days after the receipt of this notice we will provide you with the name and address of the original creditor.

Sincerely,

ROBERT GRIFFIN
Collection Agent

"This company is a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose."

(9D1)

# EXHIBIT "B"

**VENGROFF WILLIAMS, INC.**
P O BOX 4155          6/516
SARASOTA  FL  34230 4155

Phone: (800) 556-0992 EXT: 15327
Fax: (941) 363-3867
Se habla español

ZHUIKO, NATALIE
350 LAUREL OAKS DR
LANGHORNE PA 19047-8528

[DP]

| OUR CLIENT | |
|---|---|
| KEYSTONE HEALTH PLAN EAST | |
| ACCOUNT # | Reference # |
| ●551 | ●345 |
| DATE | AMOUNT DUE |
| 11/08/13 | $316.35 |

1012 RMG

You can now pay by phone or using our secure site over the Internet.

Pay by phone at 877-682-6141
or on the Web at www.payvw.com

Enter ●453 as your User ID and ●429 as your Password.

### IMPORTANT NOTICE

To Whom it may concern,

We have been engaged by the above creditor who has turned over your account for collection in the amount listed above which may include collection fees and interest charges.

This amount is due immediately. Unless you have evidence indicating the balance is in error, please forward your check by return mail, payable to our client within ten (10) days to this office.

Further questions must be directed to the undersigned.

Sincerely,

ROBERT GRIFFIN
Collection Agent

"This company is a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose."

(9D3)

# EXHIBIT "C"

**VENGROFF WILLIAMS, INC.**
P O BOX 4155        4/426
SARASOTA  FL  34230 4155

Phone: (800) 556-0992 EXT: 15327
Fax: (941) 363-3867
Se habla español

ZHUIKO, NATALIE
350 LAUREL OAKS DR
LANGHORNE PA 19047-8528

[DP]

| OUR CLIENT | |
|---|---|
| KEYSTONE HEALTH PLAN EAST | |
| ACCOUNT # | Reference # |
| ▓▓551 | ▓▓845 |
| DATE | AMOUNT DUE |
| 12/11/13 | $316.35 |

1012 RMG

You can now pay by phone or using our secure site over the Internet.

Pay by phone at 877-682-6141
or on the Web at www.payvw.com

Enter ▓▓453 as your User ID and ▓▓429 as your Password.

## IMPORTANT NOTICE

To Whom it may concern,

We have been engaged by the above creditor who has turned over your account for collection in the amount listed above which may include collection fees and interest charges. Our previous attempts to reach you have been unsuccessful.

If we do not hear from you or receive payment in full within ten (10) days, you will leave us with no alternative but to take any and all additional collection efforts our client feels necessary to protect their interests.

We suggest that if you wish to avoid such additional efforts, you take the time now to make a telephone call to this office or send a check payable to our client.

Sincerely,

ROBERT GRIFFIN
Collection Agent

"This company is a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose."

(9D4)

# EXHIBIT "D"



**VENGROFF WILLIAMS, INC.**
P O BOX 4155              6/777
SARASOTA FL 34230 4155

Phone: (800) 556-0992 EXT: 15327
Fax: (941) 363-3867
Se habla español

ZHUIKO, NATALIE
350 LAUREL OAKS DR
LANGHORNE PA 19047-8528

[DP]

| OUR CLIENT | |
|---|---|
| KEYSTONE HEALTH PLAN EAST | |
| ACCOUNT # | Reference # |
| ●551 | ●345 |
| DATE | AMOUNT DUE |
| 01/01/14 | $316.35 |

1012 RMG

You can now pay by phone or using our secure site over the Internet.

Pay by phone at 877-682-6141
or on the Web at www.payvw.com

Enter ●●●453 as your User ID and ●●429 as your Password.

## IMPORTANT NOTICE

To Whom it may concern,

   As stated in our previous correspondence we have been engaged to represent the above client. They have turned over your account for collection in the amount listed above which may include collection fees and interest charges. This amount is due immediately.

   This letter will serve as demand for payment in full of the outstanding balance due. Unless we receive a payment within forty eight (48) hours of receipt of this letter, we will be forced to proceed with any additional collection efforts our client deems necessary.

   Your IMMEDIATE attention is necessary. Your check should be made payable to our client and mailed to this office today.

                              Sincerely,


                              ROBERT GRIFFIN
                              Collection Agent

   "This company is a debt collector. We are attempting to collect a debt, and any information obtained will be used for that purpose."

------------------------------------------------------------

In order to process your payment more efficiently, please detach and return the lower portion of this letter. Fill change of address/phone if applicable.

   CONTROL#: ●345                    ACCOUNT#: ●551

   ADDRESS  _____

   CITY _____  STATE _____ ZIP _____ TELE (____) ____-_____

(9D5)

# EXHIBIT "E"

**VENGROFF WILLIAMS, INC.**
P O BOX 4155           7/1063
SARASOTA  FL  34230 4155

Phone: (800) 556-0992 EXT: 15327
Fax: (941) 363-3867
Se habla español

ZHUIKO, NATALIE
350 LAUREL OAKS DR
LANGHORNE PA 19047-8528

| OUR CLIENT | |
|---|---|
| KEYSTONE HEALTH PLAN EAST | |
| ACCOUNT # | Reference # |
| ●●●551 | 5●●●345 |
| DATE | AMOUNT DUE |
| 01/23/14 | $316.35 |

1012 RMG

You can now pay by phone or using our secure site over the Internet.

Pay by phone at 877-682-6141
or on the Web at www.payvw.com

Enter ●●●●●453 as your User ID and ●●●●429 as your Password.

[DP]

**IMPORTANT NOTICE**

To Whom It may concern

    An explanation of the above balance was previously forwarded.  To date, we have not received a response.

    We must advise that if we do not hear from you or receive payment in full within seven (7) days, there will be no alternative but to take any and all appropriate actions to protect our client's interest.


                                        Sincerely,



                                        ROBERT GRIFFIN
                                        Collection Agent



    "This company is a debt collector.  We are attempting to collect a debt, and any
                    information obtained will be used for that purpose."


(9D7)

# EXHIBIT "F"



**VENGROFF WILLIAMS, INC.**
P O BOX 4155          7/1285
SARASOTA  FL  34230 4155

Phone: (800) 556-0992 EXT: 15327
Fax: (941) 866-0662
Se habla español

ZHUIKO, NATALIE
350 LAUREL OAKS DR
LANGHORNE PA 19047-8528

[DP]

| OUR CLIENT |  |
|---|---|
| KEYSTONE HEALTH PLAN EAST | |
| ACCOUNT # | Reference # |
| ▇▇551 | ▇▇345 |
| DATE | AMOUNT DUE |
| 02/26/14 | $316.35 |

1012 RMG

You can now pay by phone or using our secure site over the Internet.

Pay by phone at 877-682-6141
or on the Web at www.payvw.com

Enter ▇▇▇453 as your User ID and ▇▇429 as your Password.

**IMPORTANT NOTICE**

To Whom it may concern,

   We have been engaged by the above creditor who has turned over your account for collection in the amount listed above. This may include collection fees and interest charges. An explanation of the above balance was previously forwarded. To date, we have not received a response. This amount is immediately due.

   We must advise that if we do not hear from you or receive payment in full within seven (7) days, there will be no alternative but to continue collection efforts and any other remedies our client allows to protect their interest.

                              Sincerely,


                              ROBERT GRIFFIN
                              Collection Agent


      "This company is a debt collector. We are attempting to collect a debt, and any
              information obtained will be used for that purpose."

(9D7)